MARCUS WEST,                          )
    Petitioner/Appellant,          )
                                        )        APPEAL NO.
v.                                    )        01-A-01-9706-CV-00243
                                        )
TENNESSEE DEPARTMENT OF               )        CIRCUIT COURT NO.
CORRECTION and MORGAN                 )        96C-2353
COUNTY REGIONAL PRISON,               )
    Respondents/Appellees.         )

**FILED**

**February 13, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE FIFTH CIRCUIT COURT OF DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE WALTER C. KURTZ, JUDGE

MARCUS WEST, PRO SE
TDOC No. 234495
C.C.W.C.
Caller #1
Roan Mt., Tennessee 37687

JOHN KNOX WALKUP
Attorney General and Reporter
MICHAEL E. MOORE
Solicitor General
SOHNIA W. HONG
Assistant Attorney General
Civil Rights and Claims Division
2nd Floor Cordell Hull Building
425 Fifth Avenue North
Nashville, Tennessee 37243-0488
ATTORNEY FOR THE RESPONDENTS/APPELLEES

AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

OPINION

This is an appeal by petitioner/appellant, Marcus West, from an order of the trial court granting the motion to dismiss for failure to state a basis for a writ of certiorari or summary judgment of respondents/appellees, the Tennessee Department of Correction ("the Department") and the Morgan County Regional Facility ('the Facility"). The facts out of which this matter arose are as follows.

The Facility charged Appellant on 20 November 1995 with conspiracy to violate state law. The Facility's disciplinary board held a hearing and convicted Appellant of the offense. Appellant appealed to the Facility's warden who denied the appeal. On 26 April 1996, the Commissioner of Correction denied Appellant's second appeal.

Appellant filed a petition for writ of certiorari in the Davidson County Circuit Court on 21 June 1996. Appellant alleged the Facility: 1) denied Appellant the opportunity to call witnesses on his behalf; 2) denied Appellant an adequate written statement of the fact finder; 3) improperly relied on unverified, unsubstantiated information from an informant; and 4) failed to adhere to the time requirement in the Facility's regulations. Appellees filed a motion to dismiss or for summary judgment on 21 August 1996. Appellees claimed the petition failed to state a basis for the writ of certiorari. The motion contained a notice to Appellant which stated:

> Pursuant to Local rules § 12.05(c), Davidson County Local Rules of Practice, the Petitioner is hereby notified that the above motion will be heard on Friday, the 27th day of September, 1996, at 9:00 a.m. in Davidson County Circuit Court. You are further notified that a failure to file, serve and enter a timely written response to the motion in the motion book will result in the motion being granted without further hearing. Counsel for the Respondents has requested that the above motion be heard without oral argument.

Appellant delivered his response to an individual at the correctional facility on 25 September 1996, and the clerk filed the response on 30 September 1996. The trial court filed an order on 13 December 1996 granting Appellees' motion and dismissing the petition. The order stated: "wherein it appears that no timely response was filed, the Motion is well taken and should be granted." Appellant filed a motion to reconsider the order of dismissal on 19 December 1996. The trial court denied Appellant's motion on 23 April 1997. In the meantime, Appellant filed a notice of

appeal on 15 January 1997. The only issue is whether the trial court erred in dismissing the petition.

Appellees contend that the trial court correctly granted the motion pursuant to local rule 12.04. This rule states in pertinent part as follows:

> (c) If the motion is opposed, a written response to the motion must be filed and served on all parties. The response shall state with particularity the grounds for opposition to the motion, supported by legal authority, if applicable. If no response is filed, the motion shall be granted.
> (d) Responses to motions, including counter-affidavits, depositions, briefs or any other matters presented in opposition to motions, must be filed with the clerk's office by the close of business on the Monday before the Friday on which the motion is to be heard. In Chancery cases, a notation of the filing of a response must be entered on the motion book at the time the response is filed. The response must also be served upon all parties no later than 5:00 p.m. on the Monday before the Friday on which the motion is to be heard.
> . . . .
> (f) IF NO RESPONSE IS TIMELY FILED AND SERVED, AND IN CHANCERY CASES ENTERED IN THE MOTION BOOK, THE MOTION SHALL BE GRANTED AND COUNSEL OR PRO SE LITIGANT NEED NOT APPEAR IN COURT AT THE TIME AND DATE SCHEDULED FOR THE HEARING. Counsel or pro se litigant shall then submit the proposed order consistent with Local Rule 25. The order shall recite that no response was timely filed or served.

DAVIDSON CO. CTS. OF REC. R. 12.04(c), (d) & (f). Appellees properly set the hearing for Friday, 27 September 1996. Thus, the deadline for Appellant's response to the motion was Monday, 23 September 1996. The trial court filed Appellant's response on 30 September, one week after the deadline.

Appellant contends this court should apply the "mailbox rule" thereby causing the filing date to be the date the inmate delivers the documents to the appropriate individual at the correctional facility. Despite Appellant's contention, we do not have to decide whether to apply the "mailbox rule." To explain, Appellant admits he delivered the response to an individual at the correctional facility on 25 September 1996, two days after the deadline for the response. Thus, even if this court were to adopt the "mailbox rule" and apply it to the instant case, we would still come to the conclusion that Appellant's response was not timely filed.

Appellant makes numerous arguments based on the differences between

3

motions for summary judgment and motions to dismiss. The nature of the motion is irrelevant, however, for the purposes of this appeal. Rule 12.04(c) of the Davidson County Local Rules specifically provides that a non-movant shall file a response to a motion if the motion is opposed. Moreover, as previously stated, the court must grant the motion pursuant to Rule 12.04(f) if the non-movant does not file the response on the Monday before the Friday on which the motion is to be heard. Thus, the rules required Appellant to file a timely response regardless of the type of motion or suffer the consequences of the trial court granting the motion.

Having reviewed and considered each of Appellant's argument, it is the opinion of this court that the trial court properly dismissed the petition for writ of certiorari. Therefore, the decision of the trial court is affirmed and the case is remanded for any further necessary proceedings. Costs of appeal are taxed against petitioner/appellant, Marcus West.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR, JUDGE